UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**TIMOTHY CARL SHANE**                                                                **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:07-CV-588-H**

**FAIRFAX IDENTITY LABORATORIES et al.**                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Timothy Carl Shane, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues Fairfax Identity Laboratories, located in Richmond, Virginia, and Benedict Arrey, an employee of Fairfax Identity Laboratories, whose address, according to Plaintiff, is also in Richmond, Virginia. Plaintiff is incarcerated in Colorado.

Plaintiff alleges that on or about April 1, 2002, the Louisville Police Department forwarded 26 rape kits to the Fairfax Identity Laboratories. In March 2003, Lt. Joe Richardson received a letter from Fairfax Identity Laboratories stating that testing was complete and that all except one item had insufficient quality and quantity to produce a DNA profile. Plaintiff states that, based on these results and Fairfax Identity Laboratories' guarantee of 99.9% reliability the first time the test is performed, Plaintiff proceeded to a jury trial charged with first-degree rape, sodomy, and burglary. At his trial held on October 25, 2005, through October 31, 2005, Fairfax Identity Laboratories' technician Benedict Arrey testified that there was insufficient quality and quantity to produce a DNA profile, but

he also later testified that the results were consistent with Plaintiff's DNA.[1]

Plaintiff's claims against Defendants are that he suffered emotional injury and injury to his health due to Fairfax Identity Laboratories' negligence, false and incorrect DNA analysis, and false advertisement. He asks for monetary damages of $775,000, punitive damages of $1,500,000, and injunctive relief.

Plaintiff has attached several documents to his complaint, including a letter from Fairfax Identity Laboratories to Lt. Richardson dated March 26, 2003, stating that testing had been completed and certain evidence was being returned. Also attached is a printout from what appears to be the website of Fairfax Identity Laboratories, which indicates that its laboratories do DNA profiling and that its laboratories boast a 99.% reliability for testing.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424

---

[1] The complaint does not indicate whether Plaintiff was convicted. His current incarceration in Colorado appears to be on unrelated charges.

(6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

Under 28 U.S.C. § 1332(a), a federal court has jurisdiction, over cases where the amount in controversy exceeds $75,000 and "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant," thereby ensuring "complete diversity."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Diversity jurisdiction appears to exist in this case.  Moreover, it appears to the Court that on the face of the complaint venue is appropriate.  28 U.S.C. § 1391(a)(2) (venue in a diversity case may lie in "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

It also appears that personal jurisdiction exists over Defendants.  "When a federal court sits in diversity, it may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so."  *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998).  Under the Kentucky long-arm statute, a court may exercise personal jurisdiction over a claim arising from tortious injury in Kentucky by an act or omission in Kentucky.  Ky. Rev. Stat. § 454.210.

A forum state's choice of law provisions apply when a federal district court has diversity

jurisdiction under 28 U.S.C. § 1332.  *Anderson, Inc. v. Consol, Inc .*, 348 F.3d 496, 501 (6th Cir. 2003).  Plaintiff's claims sound in tort.  In tort actions, Kentucky applies its own substantive law if there is any significant contact with Kentucky.  *Vaughn v. United States*, No. 96-6336, 1997 WL 809911, at *3 n.2 (6th Cir. Dec. 16, 1997)(citing *Bonnlander v. Leader Nat'l Ins. Co.*, 949 S.W.2d 618, 620 (Ky. Ct. App. 1996)).  "Thus, even if the negligent act or omission occurred in another state, if the injury caused by that negligent act or omission occurred in Kentucky, Kentucky applies Kentucky law."  *Paducah & Louisville Ry., Inc. v. Quixx Corp.*, No. 4:04CV-00176, 2007 WL 2746673, at *2 n.3 (W.D. Ky. Sept. 18, 2007).   Therefore, Kentucky tort law governs this action.

Under Ky. Rev. Stat. § 413.140(1)(a), Kentucky has a one-year statute of limitations for tort.  The most recent action of either Defendant about which Plaintiff complains is Arrey's testimony, which occurred during Plaintiff's trial ending on October 31, 2005.  Plaintiff's complaint was filed October 26, 2007, one year after the statute of limitations ran.

To the extent that Plaintiff's allegations could be construed as sounding in fraud, such claim or claims would not be time-barred given that fraud actions in Kentucky have a five-year statute of limitations.  Ky. Rev. Stat. § 413.120.  However, Plaintiff's complaint fails to state a claim for which relief may be granted for fraud.

"'In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows:  a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury.'"  *Anderson v. Wade*, 33 Fed. Appx. 750, 756 (6th Cir. 2002) (quoting *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)).  The Court finds that, even reading Plaintiff's complaint liberally, his complaint does not allege the necessary elements of fraud.

4

According to Plaintiff's complaint, it was the Louisville Police Department who forwarded the DNA samples to the Fairfax Identity Laboratories. It would strain credulity to find that Fairfax Identity Laboratories made an allegedly false claim on its internet website regarding the accuracy of its testing with the intent to induce Plaintiff, a criminal defendant, to proceed to jury trial on charges of first-degree rape, sodomy, and burglary.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

Date:


cc:     Plaintiff, *pro se*

4412.009